**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   /.JO 1 9 2013   ★

**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HUGUENS C. SOUHAITE,

                              Plaintiff,                           **ORDER**
                                                                   12-CV-2698 (SJF)(AKT)
          -against-

COUNTY OF NASSAU, et al.,

                              Defendants.
-----------------------------------------------------------x

FEUERSTEIN, J.


On May 29, 2012, plaintiff Huguens C. Souhaite ("plaintiff") commenced this action

pursuant to 42 U.S.C. § 1983 ("section 1983") against the County of Nassau, the Nassau County

Sheriff's Department and Nassau University Medical Center ("defendants"), alleging that

defendants violated his constitutional rights and asserting related claims under state law. [Docket

Entry No. 1]. On February 6, 2013, defendants filed motions to dismiss plaintiff's complaint

pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. [Docket Entry

Nos. 40, 41] (the "motions"). Now before the Court is the Report and Recommendation of

Magistrate Judge E. Thomas Boyle, dated May 9, 2013,[1] recommending that the Court grant the

motions and dismiss the complaint in its entirety because plaintiff's claims are time-barred.

[Docket Entry No. 47] (the "Report"). Plaintiff has filed objections to the Report. [Docket Entry

No. 49] ("Objections"). For the reasons that follow, plaintiff's objections are overruled, and the

Court adopts Magistrate Judge Boyle's Report in its entirety.

I.      Standard of Review

        Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct

---

[1]      The case was reassigned to Magistrate Judge A. Kathleen Tomlinson on July 17, 2013.

proceedings of dispositive pretrial matters without the consent of the parties. FED. R. CIV. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See FED. R. CIV. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Although the objections to a report and recommendation of a pro se party should be accorded leniency, "even a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted); see also Walker v. Vaughan, 216 F. Supp.2d 290, 292 (S.D.N.Y. 2002).

II.    Discussion

Magistrate Judge Boyle has recommended that the Court grant the motions to dismiss

because each of the acts alleged in plaintiff's complaint occurred prior to May 29, 2009, and

therefore: (1) the section 1983 claims arising from those acts are time-barred under the

applicable three (3)-year limitations period; (2) the related state-law assault and battery claims

are time-barred under the applicable one (1)-year limitations period; and (3) the related state-law

medical malpractice claim is time-barred under the applicable two and one-half (2.5)-year

limitations period.  Report at 6-7.

Plaintiff has failed to address the Report in his objections and instead only attempts to

relitigate a previous dispute regarding Magistrate Judge Boyle's adjournment of an initial

conference, see [Docket Entry Nos. 15, 20, 21], stating in part as follows (sic throughout):

> The order by the Magistrate [J]udge [Docket Entry No. 15] to date, have been in
> violation of the Due Process Clause, are hereby are void.  The mere fact, that this
> Court has refused to allow a timely filed replied to [Magistrate Judge Boyle's]
> order . . . while violation of [plaintiff's] civil rights . . . renders the . . . order
> . . . [v]oid, this Court without setting aside under [Rule 72 of the Federal Rules of
> Civil Procedure] for which violation of defendants are in disapproval of Court has
> ruled defendants do not have to provide to me as plaintiff there is obvious
> Bias/prejudice and favoritism to the point that [Magistrate Judge Boyle], would
> have necessary to stepped aside.

Objections at 4.  Because plaintiff has failed to make a proper objection to the Report, the Court

is only required to review it for clear error.

3

Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court adopts Magistrate Judge Boyle's Report in its entirety, and plaintiff's complaint is dismissed. The Clerk of Court is respectfully directed to close this case and, in accordance with Rule 5(b)(2)(C) and Rule 77(d) of the Federal Rules of Civil Procedure, serve a copy of this order upon the pro se plaintiff by mailing a copy of the order to his last known address.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: August 19, 2013
Central Islip, New York

4