FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ FEB 19 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HUGUENS C. SOUHAITE,

                Plaintiff,

-against-                                    OPINION AND ORDER
                                                    12-CV-2698 (SJF)

COUNTY OF NASSAU et al.,

                Defendants.

------------------------------------------------------------X
FEUERSTEIN, District Judge.

Before the Court is Huguens Souhaite's ("plaintiff") motion pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e) for reconsideration[1] of his objections to the Report and Recommendation ("Report") adopted in this case, which resulted in its dismissal. For the following reasons, plaintiff's motion for reconsideration is **DENIED** and the Clerk's Judgment entered August 21, 2013 is deemed final.

I.

In the Eastern District of New York, motions for reconsideration are governed by EDNY/SDNY Local Rule 6.3. Pursuant to the rule, "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Thus, the moving party must point to controlling decisions

---

1. Plaintiff moves "pursuant to Rule 58e" of the FRCP for this Court to reconsider his objections to the Report and Recommendation dated May 9, 2013 (DE 47), which recommended that plaintiff's complaint be dismissed in its entirety. Rule 58(e) provides that with respect to costs and fees, "[o]rdinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Plaintiff also cites to FRCP 59(e), which provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Given plaintiff's use of the word "reconsideration" and the content of his submission, the Court shall construe plaintiff's motion as one brought pursuant to FRCP 59(e) for reconsideration of the Order dated August 13, 2013 (DE 55). In that Order, the Court overruled plaintiff's objections, adopted the Report and dismissed plaintiff's case.

or factual matters "that were put before the Court on the underlying motion." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citing cases). Local Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Id. See Ruiz v. Comm. of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y. 1988) (same).

" 'The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court.' " *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, No. 86 Civ. 6447, 1989 WL 162315, at *4 (S.D.N.Y. Aug. 04, 1989) (quoting *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988)). Consequently, a party "may not advance new facts, issues or arguments not previously presented to the court" in a motion for reconsideration. *Litton Industries, Inc.*, 1989 WL 162315, at *4.

**II.**

The Court has reviewed plaintiff's memorandum submitted in support of his motion for reconsideration. DE 58 pp. 2-7. First, plaintiff's motion is timely filed pursuant to FRCP 59(e). His memorandum in support, however, fails to point out any matters or controlling decisions that the Court overlooked when it considered plaintiff's original objections (DE 49). Rather, plaintiff's papers advance new arguments with respect to Magistrate Judge E. Thomas Boyle's recommendations and other substantive arguments irrelevant to the Report's findings.

As this Court has previously held, plaintiff initially filed general objections to the Report. Accordingly, the Court reviewed the Report, found it facially valid and adopted it in its entirety, resulting in the dismissal of plaintiff's complaint. Plaintiff has not identified anything

overlooked by the Court in considering his original objections and, therefore, plaintiff's motion for reconsideration is denied.

**III.**

For the foregoing reasons, plaintiff's motion for reconsideration of his objections to the Report is **DENIED** and judgment against plaintiff is final.

**SO ORDERED.**

Dated: February 19, 2014
      Central Islip, New York

                                         s/ Sandra J. Feuerstein
                                         Sandra J. Feuerstein, U.S.D.J.